NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HERRON ALSTON,

        Petitioner,

v.

PAUL LAGANA et al.,

        Respondents.

Civil Action No. 12-2508 (SRC)

**MEMORANDUM OPINION**

IT APPEARING THAT:

1. On April 27, 2012, Herron Alston ("Petitioner"), filed a counseled petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and submitted his filing fee. See Docket Entry No. 1. On April 1, 2013, Petitioner submitted a brief in support of his petition; the brief detailed Petitioner's claims and procedural history of his underlying state actions. See Docket Entry No. 7.

2. Specifically, the brief clarified that, during his direct appeal, Petitioner was denied certification by the Supreme Court of New Jersey on June 12, 2002. See id. at 12. The brief also: (a) pointed out that Petitioner sought post-conviction relief ("PCR") by filing an application on January 20, 2005, see id. at 13; and (b) noted that the Supreme Court of New Jersey denied certification as to the PCR challenges on December 1, 2011. See id. at 14.

3. On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1). Here, Petitioner's AEDPA period of limitations began to run 90 days after the Supreme Court of New Jersey issued its decision as to his direct appeal, i.e., 90 days after June 12, 2002, and expired one year later, that is, in the early September 2003, about a year and a half prior to Petitioner's filing of his PCR on January 20, 2005.[2]

4. The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161

---

[1] A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

[2] That year-and-a-half period was further increased by the almost-five-month period that ran from denial of certification as to Petitioner's PCR on December 1, 2011, until his filing of the petition within on April 27, 2012.

(3d Cir. 2003); <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), provided that the application to the state court seeking collateral review was filed during the period of limitations. Here, however, no statutory tolling associated with Petitioner's filing of his PCR is applicable to the Court's analysis, since Petitioner filed his PCR years after his period of limitations expired. See <u>Long v. Wilson</u>, 393 F.3d 390, 394-95 (3d Cir. 2004); <u>Schlueter v. Varner</u>, 384 F.3d 69, 78-79 (3d Cir. 2004).

5. The AEDPA statute of limitations is also subject to equitable tolling. See <u>Holland v. Florida</u>, 130 S. Ct. 2549 (2010), <u>Miller</u>, <u>supra</u>, 145 F.3d at 618. "[A] litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 125 S. Ct. 1807, 1814 (2005); <u>see also</u> <u>Holland</u>, 130 S. Ct. 2549. The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a

state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition <u>and</u> the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." <u>LaCava v. Kyler</u>, 398 F.3d 271, 275-276 (3d Cir. 2005); <u>see also</u> <u>Holland</u>, 130 S. Ct. 2549 (same). Mere excusable neglect is not sufficient. <u>See</u> <u>id.</u>; <u>see also</u> <u>Merritt v. Blaine</u>, 326 F.3d 157, 168 (3d Cir. 2003); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where: (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, <u>see</u> <u>Jones</u>, 195 F.3d at 159, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. <u>See</u> <u>Brinson v. Vaughn</u>, 398 F.3d 225, 230 (3d Cir. 2005). Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely

filing."[3] Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

6. Here, Petitioner's counseled petition and his counseled 289-page supporting brief and exhibits are entirely silent as to any circumstances that might prompt this Court to consider equitable tolling.[4] Thus, this Court is constrained to deem the Petition untimely and dismiss it accordingly.[5]

---

[3] In Holland, the record revealed that petitioner's appointed attorney failed to file a timely federal petition, despite petitioner's many letters emphasizing the importance of doing so; that the attorney did not do the research necessary to find out the proper filing date, despite petitioner identifying the applicable legal rules for him; that attorney failed to inform petitioner in a timely manner that the State Supreme Court had decided his case, despite petitioner's many pleas for that information; that the attorney failed to communicate with petitioner over a period of years, despite petitioner's pleas for responses to his letters; and that petitioner repeatedly requested the state courts to remove the attorney from his case. In light of these and other facts, the Supreme Court found that such totality of circumstances may -- although not must -- warrant equitable tolling. See Holland, 130 S. Ct. 2549.

[4] Moreover, Petitioner's history of active litigation strongly suggests that, had he wished to, he could have filed: (a) a timely "protective" petition prior to September 2003, see Pace, 544 U.S. at 416 ("A prisoner seeking state postconviction relief might avoid th[e] predicament [of untimeliness] by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"); and (b) his federal habeas petition immediately upon denial of certification as to his PCR challenges. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88-89, nn.13 and 14. (3d Cir. 2013).

[5] Although the Petition appears time barred, and Petitioner proceeded with assistance of counsel who was allowed almost a year to compile Petitioner's brief, the Court finds it warranted

5

For the foregoing reasons, the Court will dismiss the petition and will deny Petitioner a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).[6]

An appropriate Order follows.

/s/ Stanley R. Chesler
**STANLEY R. CHESLER**
**United States District Judge**

Dated: 4/16/13

---

to allow Petitioner one final opportunity to state his grounds, if any, warranting consideration of equitable tolling. The Court, thus, will retain jurisdiction over this matter for thirty days so to allow for a motion for reconsideration stating Petitioner's equitable tolling facts, if any.

[6] The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA") on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.