NOT FOR PUBLICATION                                                                        CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

HERRON ALSTON,

        Petitioner,

v.

PAUL LAGANA, et al.,

        Respondents.

Civil Action No. 12-2508 (SRC)

**MEMORANDUM OPINION**

**Chesler**, District Judge:

This matter comes before the Court upon Petitioner's motion for reconsideration of the Court's April 16, 2013 Order dismissing his Petition as untimely. See ECF Nos. 9, 10 and 11. As explained in this Court's prior opinion, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") creates a one-year limitation period that applies to habeas petitions. See ECF No. 9, at 2 (citing 28 U.S.C. § 2244(d)(1)). This Court concluded that Petitioner's AEDPA limitations period began to run in early September 2003, approximately a year and a half prior to Petitioner's filing of his post-conviction relief ("PCR") application in state court on January 20, 2005.

While dismissing the Petition, out of an abundance of caution, the Court granted Petitioner leave to explain why his Petition might qualify for equitable tolling.[1] See ECF No. 10, at 1. In response, he filed the motion at bar. See ECF No. 11. Although the Court's leave was limited to the issue of equitable tolling, Petitioner's motion is silent as to this issue. See

---

[1] "Equitable tolling is warranted if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." United States. v. Crute, 169 F. App'x 105, 108 (3d Cir. 2006) (internal quotations and marks omitted).

generally, id. In fact, Petitioner concedes that two of the grounds he raised in his petition—Grounds One and Two—are untimely and not able to be revived. See id. at 2-3. He further argues, with respect to the three remaining grounds (Grounds Three, Four, and Five), that the Court erred in finding September 2003 as the start date of the AEDPA limitations period. This argument, too, is outside of the scope of the leave granted by this Court. Accordingly, because Petitioner's filing does not comport with this Court's limited grant of leave, his motion for reconsideration is denied.

Moreover, even if the Court were to revisit its ruling and address the substance of Petitioner's arguments with respect to Grounds Three, Four, and Five, the Court would again find that the limitations period began in September 2003 and dismiss the Petition as untimely. Petitioner argues that these three Grounds should be deemed statutorily timely under 28 U.S.C. § 2244(d)(1)(D), which provides that the limitations period is re-triggered on "the date on which the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence".[2] In support of this contention, he relies on Munchinski v. Wilson, 694 F.3d 308, 327 (3d Cir. 2012).

In Munchinski, the Third Circuit excused untimeliness of some claims raised in a late-filed habeas petition. The prosecutor involved in Munchinski's state court trials had relied on a key witness and on a number of secondary witnesses. However, the prosecutor had failed to disclose to the defense several pieces of key exculpatory information related to those witnesses. See generally id. at 313-24. For example, the prosecutor withheld that the key witness was not even in the state when he claimed he witnessed the shootings, and that the key witness' trial

---

[2] Petitioner's Grounds Three and Four both center on his alleged inability to sufficiently attack the credibility of a key witness against him, discussed in more detail infra. See ECF No. 7, at 3-4 and 35-50. He, further, denotes Ground Five as a "cumulative" ground. Thus, although they are presented as three separate grounds, Grounds Three, Four, and Five are, in effect, one due process-based claim. The Court will jointly analyze these claims.

2

testimony markedly differed from his pre-trial statements to police.  In addition, the prosecutor withheld that the State's other witnesses had motives to fabricate their testimonies since they aimed to protect the individual previously identified as the shooter.  The District Court granted habeas relief on, inter alia, equitable tolling grounds, and the Court of Appeals affirmed that aspect of the District Court's ruling.  See id. at 339.

Likening his case to Munchinski, Petitioner argues that his untimeliness should be excused because of the "failure of the State to disclose material evidence" that "could not have been discovered . . . before May 10, 2007."  See ECF No. 11, at 2.  Specifically, Petitioner argues that the prosecution withheld evidence that called into question the credibility of Malika Williams, a witness to the murder of which Petitioner was convicted.  According to Petitioner, the prosecution withheld information that Williams was subjected to child endangerment proceedings by the then-New Jersey Department of Youth and Family Services ("DYFS"), and that she was under the influence of seizure medication that affected her clarity of thought.  Petitioner was convicted and, upon remand, re-convicted on murder charges.  He asserts now that he did not become aware of this information about Williams until after his retrial at which she testified.  See id.

Despite his attempt to fit his case into Munchinski's mold, unlike the Munchinski petitioner, Petitioner here has not asserted *any* facts that demonstrate equitable tolling is warranted.  Moreover, the facts relating to his failure to timely discover evidence related to Williams' DYFS proceedings and her seizure medication have already been determined by the Appellate Division in his state court PCR appeal, and the Appellate Division rejected Petitioner's contentions that the prosecution withheld the evidence form him and that he was not otherwise aware of  the information.  See generally, State v. Alston, 2011 WL 709878, at *2 (N.J. Super.

Ct. App. Div. Mar. 3, 2011).[3] Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of *clear and convincing* evidence." Stevens v. Delaware Corr. Ctr., 295 F.3d 361, 368 (3d Cir. 2002) (emphasis supplied). Petitioner has not pointed to any such clear and convincing evidence here.[4]

For the foregoing reasons, even if Petitioner's motion for reconsideration were considered on the merits, the Court would deny it since his Grounds Three, Four, and Five fall outside § 2244(d)(1)(D). In conjunction with the foregoing, the Court finds it appropriate to revisit the issue of whether a certificate of appealability ("COA") shall issue. Here, Petitioner

---

[3] The Appellate Division expressly found that, despite Petitioner's assertion to the contrary, he was either aware or could have discovered Williams' DYFS child endangerment proceedings prior or, at the latest, by the time of his retrial. State v. Alston, 2011 WL 709878 at *6. The court based this factual finding on defense counsel's questioning of Williams during the retrial, where he asked "Now when [one of the detective's] came did he threaten or speak in terms of calling DYFS if you didn't want to come down and talk to him?" Id. The court further rejected, on legal grounds, petitioner's argument that the DYFS investigation was admissible to impeach Williams' credibility at the retrial. Id. Finally, the court ruled that Williams' use of seizure medication was of no relevance (since she testified that her clarity of thought could have been affected by her seizures, but not medications), and Petitioner could have discovered all information about her seizures when she testified about them at retrial. Id. at *9-10.

[4] Nor has Petitioner pointed to record evidence indicating that the DYFS proceedings or the impact of Williams' seizures on her clarity of thought constitute newly discovered habeas under AEDPA, or that Williams' use of seizure medication is relevant. The limitations period of § 2244(d)(1)(D) starts running when a prisoner, through exercise of reasonable diligence, *could* discover vital facts, not when he actually learned of these facts or recognized their potential legal significance. See Owens, 235 F.3d at 359 ("[T]he time commences when the factual predicate 'could have been discovered through the exercise of due diligence,' not when it was actually discovered by a given prisoner"); Banuelos-Acosta v. Keller, No. 11-0953, 2013 U.S. Dist. LEXIS 45151 (M.D.N.C. Mar. 29, 2013) ("The date on which Petitioner 'discovered' [a relevant piece of] information is immaterial"). "Due diligence does not require 'the maximum feasible diligence,' but it does require *reasonable* diligence in the circumstances." Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) (citations omitted, emphasis supplied), cert. denied, 544 U.S. 1037 (2005); see also Munchinski, 694 F.3d at 330 ("courts consider the petitioner's overall level of care and caution in light of his . . . particular circumstances") (citation and original brackets omitted). Petitioner has not demonstrated that he was unable to discover the Williams' information either prior to or, at the latest, at the time of his retrial.

4

was given an opportunity to detail his basis, if any, for equitable tolling. He elected to state nothing. Since jurists of reason would not find it debatable that this Court was correct in its finding that the Petition is untimely in its entirety, no COA will issue.[5] An appropriate Order follows.

                                                                                  __/s/_____
                                                                                  **STANLEY R. CHESLER**
                                                                                  **United States District Judge**

Dated: February 11, 2014

---

[5] See 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).